UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| ELIGIO JOSE GRATEROL GUEDEZ,<br>Petitioner,<br><br>v.<br><br>KEVIN RAYCRAFT et al.,<br>Respondents. | Case No. 26-11285<br>Honorable Shalina D. Kumar<br>Magistrate Judge Patricia T. Morris |

**ORDER TO SHOW CAUSE**

This Court previously ordered Respondents to provide Petitioner with a new individualized bond hearing under § 1226(a), before an immigration judge ("IJ") other than Mark Jebson, on or before June 18, 2026. ECF No. 7. In the ordered hearing, Respondents were to bear the burden of establishing by clear and convincing evidence that Petitioner is either a danger to the community or a flight risk. *Id*. The Court ordered that, to satisfy due process requirements, the bond decision must be individualized, meaning made after and reflective of the consideration of all *evidence* provided. *Id*. Further, the IJ was ordered to consider alternatives to detention in lieu of or in addition to bond. *Id*.

In accordance with the Court's order, Respondents provided Petitioner with a bond hearing before IJ Ian Simons on June 16, 2026. ECF Nos. 8-1, 9. Respondents also timely filed a status report reflecting that the bond hearing was held and included a copy of the IJ's order denying Petitioner bond. ECF Nos. 8, 8-1. Respondents further complied with this Court's order by filing a transcript of the bond hearing. ECF No. 9-1.

The Court has reviewed both the order denying Petitioner bond and the transcript of the bond hearing and finds that the bond hearing did not adhere to the due process requirements set forth in its order granting Petitioner habeas relief. See ECF Nos. 7, 8-1, 9-1. Although the IJ pays lip service to placing the burden of proof by clear and convincing evidence on Respondents, both the order and the transcript of the hearing demonstrate that he, in fact, continued to place that burden on Petitioner. See ECF No. 8-1, PageID.264–65. The evidence the IJ cites to support bond denial is that Petitioner "presents the U.S. passport and tax records for his purported bond sponsor," but not a "letter or affidavit attesting to that individual's willingness to sponsor or otherwise ensure [Petitioner's] presence at future hearings." *Id*. In other words, *Petitioner* has not provided evidence that he is *not* a flight risk.

Additionally, there is no indication that the IJ made an individualized decision on bond. The transcript reveals that Respondents offered no evidence, let alone that which is clear and convincing, to support their position that Petitioner is a flight risk. *See* ECF No. 9-1. Instead, they rely on an argument that speculates that, despite Petitioner's track record of compliance and appearances in the immigration proceedings thus far, he now has added incentive to flee because his application for asylum was denied, and he is subject to an order of removal. As of the date of the bond hearing, neither immigration order was final, meaning he remains eligible for bond under 8 U.S.C. § 1226(a). Moreover, Respondents' supposition as to Petitioner's reduced motivation to continue to comply, as he has been, with the Respondents' notices and orders does not constitute evidence of flight risk.

Finally, neither the hearing nor the resulting order reflect any consideration to alternatives to detention in lieu of or in addition to bond.

For these reasons, the Court finds that Respondents failed to fully comply with the Court's order and thus have not provided Petitioner with the required due process. ECF No. 7.

Accordingly, The Court **ORDERS** that Respondents and counsel for Petitioner appear **IN PERSON** at the **United States District Court, Federal Building and U.S. Courthouse, 600 Church Street, Flint, Michigan**, on **August 4, 2026 at 10:00 a.m.** to show cause why the Court should not order Petitioner be immediately released from custody.

**IT IS SO ORDERED**.

s/ Shalina D. Kumar
SHALINA D. KUMAR
United States District Judge

Dated: July 21, 2026